**Reynaldo Barraza VERDUGO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72801.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007 *.

Filed March 16, 2007.

Joseph M. Bacho, Law Offices of Joseph M. Bacho, El Centro, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Christopher T. Dong, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Reynaldo Barraza Verdugo, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming an immigration judge's ("IJ") decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003). We deny in part and grant in part the petition for review, and remand for further proceedings consistent with this memorandum disposition.

Verdugo testified that he entered the United States in approximately June 1993. Substantial evidence therefore supports the IJ's finding that he failed to establish his continuous physical presence in the United States during the 10 years prior to service of the notice to appear on Novem-

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ber 14, 2002. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1).

Substantial evidence also supports the IJ's findings that Verdugo was ineligible for any other forms of relief, with the exception of voluntary departure. At the time of the hearing Verdugo was no longer married to his United States citizen spouse. The petition that she had filed on his behalf had previously been denied for lack of prosecution. The petition that Verdugo's father filed on his behalf was approved in 1999 for an unmarried child under the age of 21, but at that time Verdugo was married and within 4 months he aged-out. There is no indication that Verdugo's father filed another petition. Verdugo did not apply for asylum or withholding and would have been precluded from doing so by the one-year bar. He testified that he did not fear torture or harm if he returned to Mexico.

The IJ granted voluntary departure for a 60-day period and the BIA streamlined and changed the voluntary departure period to 30 days. In *Padilla–Padilla v. Gonzales,* 463 F.3d 972, 981 (9th Cir. 2006), we held "that because the BIA issued a streamlined order, it was required to affirm the entirety of the IJ's decision, including the length of the voluntary departure period." We therefore grant the petition for review and remand to the agency to grant voluntary departure for 60 days.

**PETITION FOR REVIEW DENIED in part and GRANTED in part; REMANDED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.